**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 24-1464

---

JAIME MARTINEZ-MARTINEZ,

>    Petitioner,

v.

PAMELA JO BONDI, Attorney General,

>    Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Argued:  September 9, 2025                    Decided:  November 5, 2025

---

Before AGEE, HEYTENS, and BERNER, Circuit Judges.

---

Petition for review granted; Board decision vacated and remanded by published opinion. Judge Agee wrote the opinion, in which Judge Heytens and Judge Berner joined.

---

**ARGUED:**  Jeremy Layne McKinney, MCKINNEY IMMIGRATION LAW, Greensboro, North Carolina, for Petitioner.  Allison Frayer, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  Dara Arroyo-Longoria, MCKINNEY IMMIGRATION LAW, Greensboro, North Carolina, for Petitioner.  Yaakov Roth, Acting Assistant Attorney General, Jennifer Levings, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

AGEE, Circuit Judge:

Jaime Martinez-Martinez, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (the "Board") denying his application for cancellation of removal based on the false testimony bar. For the reasons that follow, this Court grants his petition for review and remands for further proceedings.

I.

In 2014, Martinez-Martinez was charged with a misdemeanor offense and placed in removal proceedings. He conceded the charge of removability and applied for cancellation of removal under 8 U.S.C. § 1229b. On that application, Martinez-Martinez listed one alias: Jaime Martinez Hernandez.

At the merits hearing on his cancellation of removal application, Martinez-Martinez testified that the application was accurate but that "some details . . . are just not the way they're supposed to be." J.A. 116. He then provided the Immigration Judge ("IJ") with an amended application, which Martinez-Martinez revised to include an entry into the United States in April 2006. The IJ questioned him about the use of an alias, and Martinez-Martinez testified that he used the alias "Jaime Martinez Hernandez" to acquire work documentation. Toward the end of his direct examination, Martinez-Martinez testified that he used an additional alias, "Vicente Martinez-Martinez," when he crossed the border in 2006.

2

On cross-examination, the Government asked Martinez-Martinez about another alias, "Juan Sanchez Cabrera," and it produced an I-213 form recording an encounter with immigration officials. The form reflected that Martinez-Martinez provided that alias to immigration officials during an attempted border crossing in 2006. He explained: "I know I used a name but I don't remember the name that I used." J.A. 154. He further stated that he didn't recognize the alias referenced by the Government but was "sure that [he] gave a different name" than his own to immigration officials in April 2006. J.A. 155. Throughout cross-examination, Martinez-Martinez reiterated that he did not remember all of the aliases he used during his residency in the United States.

In a written decision, the IJ denied Martinez-Martinez's application for cancellation of removal. Relevant here, the IJ concluded that Martinez-Martinez was statutorily barred from a finding of good moral character under § 1101(f)(6) because he provided false testimony. In so concluding, the IJ relied on Martinez-Martinez's "failure to disclose his entry into the United States on April 24, 2006, under the name 'Juan Sanchez-Cabrera' . . . for the purpose of obtaining his sought-after relief of cancellation of removal." J.A. 56. The IJ noted that Martinez-Martinez failed to mention that alias on his application and during his direct testimony.

Martinez-Martinez appealed to the Board, arguing that "he did not intend to deceive the [IJ] by failing to provide the alias 'Juan Sanchez-Cabrera' because he explained that he provided a false name to immigration officials but could not remember the name." J.A. 4. The Board rejected that argument, finding no "clear error" in the IJ's finding that Martinez-Martinez failed to explain the use of that alias in his cancellation of removal application

3

and during his direct testimony. *Id.* The Board further "discern[ed] no clear error in the [IJ's] determination that [Martinez-Martinez] provided false testimony . . . because he had a subjective intent to deceive in order to obtain immigration benefits as evidenced by his failure to fully and voluntarily disclose his aliases until DHS confronted him with evidence." *Id.*

Martinez-Martinez timely petitioned this Court for review. Two months later, he moved to reopen his case before the Board based on a claim of ineffective assistance of counsel. Martinez-Martinez then filed a motion to hold this appeal in abeyance pending the outcome of his ineffective assistance claim. We denied the abeyance motion and the motion to reopen remains pending before the Board.

We have jurisdiction over questions of law and mixed questions of law and fact in the immigration context under 8 U.S.C. § 1252(a)(2). *See Wilkinson v. Garland*, 601 U.S. 209, 223 (2024).

## II.

Before turning to the merits, a bit of procedural table-setting is appropriate. We must decide: (1) whether we have jurisdiction over Martinez-Martinez's arguments under § 1252(a)(2)(B), (2) the applicable standard of review, and (3) whether we may consider the IJ's decision in reviewing Martinez-Martinez's petition. We address these issues in turn below.

### A.

4

The Government contends that we lack jurisdiction to review Martinez-Martinez's arguments as they raise unreviewable questions of fact. We disagree.

It is axiomatic that "federal courts are courts of limited jurisdiction." *Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22, 28 (2025). This Court does not have jurisdiction to review immigration judgments regarding certain grants of relief, including cancellation of removal. 8 U.S.C. § 1252(a)(2)(B). However, that jurisdictional bar does not "preclud[e] review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." *Id.* § 1252(a)(2)(D). Notably, questions of fact fall outside this exception, and thus are not reviewable by a federal court. *Patel v. Garland*, 596 U.S. 328, 333 (2022).

At first glance, this is a workaday dispute: the Government contends that Martinez-Martinez raises factual issues, while he contends that his arguments present mixed questions of fact and law. To be sure, the parties do make those arguments. But the Government first takes a different tack, arguing that Supreme Court precedent is irreconcilable with our decision in *Jean v. Gonzales*, 435 F.3d 475 (4th Cir. 2006). There, the Government contends that we permitted judicial review of factual questions underlying a good moral character determination, which is a prerequisite to obtain cancellation of removal. Because *Patel* and *Wilkinson* foreclosed such review, the Government's argument goes, *Jean* is no longer good law.

The Government misreads *Jean* and Supreme Court precedent. In *Jean*, this Court expressly acknowledged that we "lack jurisdiction" "[t]o the extent that a petition asks us to review a discretionary or factual determination[.]" *Id.* at 480. With that in mind, we held

5

that the agency's "decision that an [applicant] falls within one or more of the ineligible per se categories is not a discretionary decision," but rather a "legal determination involving the application of law to factual findings," over which we have jurisdiction. *Id.* at 482. In other words, we held that the issue presented a "mixed question of law and fact," which exists when the Court reviews the "application of a statutory legal standard . . . to an established set of facts." *Wilkinson*, 601 U.S. at 212. Such questions are squarely within our jurisdiction under § 1252(a)(2). *Id.* Indeed, the Supreme Court recognized as much in *Patel* and cited *Jean* as aligning with the Eleventh Circuit's interpretation of § 1252(a)(2)—an interpretation it affirmed in that opinion. *Patel*, 596 U.S. at 336 n.1. Further, in the wake of *Patel* and *Wilkinson*, we re-affirmed our support for the principle articulated in *Jean*. *See Ibarra v. Bondi*, 136 F.4th 63, 67 n.3 (4th Cir. 2025) ("[M]ixed questions of law and fact, like whether an [applicant] has good moral character under § 1229b, lie within [§ 1252(a)(2)(D)]."). Therefore, the Government's challenge to *Jean* fails.

That leaves us with this appeal's core jurisdictional question: does Martinez-Martinez raise factual questions or mixed questions of fact and law? We conclude that he raises mixed questions of fact and law and thus we have jurisdiction.

Martinez-Martinez contends that the Board improperly applied § 1101(f)(6)'s false testimony bar by conflating "false testimony" with "concealment," contrary to Supreme Court precedent. The Supreme Court "has frequently observed that the application of a 'statutory standard' presents a mixed question of law and fact." *Wilkinson*, 601 U.S. at 223. In *Wilkinson*, the Supreme Court reiterated that principle and extended it to the application

6

of § 1252(a)(2)(D). *Id.* at 222. Because Martinez-Martinez challenges the propriety of the Board's application of the false testimony bar—a statutory standard—to the facts of his case, he presents a mixed question of fact and law over which we have jurisdiction.

That said, the Supreme Court stressed that its holding did not render § 1252(a)(2)(B)(i) toothless, as "a court is still without jurisdiction to review a factual question raised in an application for discretionary relief." *Id.* In *Kungys v. United States*, the Supreme Court explained that "testimony," as used in § 1101(f)(6), "is limited to oral statements made under oath," but "does not include 'other types of misrepresentations or concealments, such as falsified documents or statements not made under oath.'" 485 U.S. 759, 780 (1988) (citation omitted). *Kungys* clarified that the question of "whether [a petitioner's] misrepresentations constitute[] 'testimony'" is a question of law, while the question of whether a petitioner "possesse[s] the subjective intent of [] obtaining immigration or naturalization benefits" is a question of fact. *Id.* at 782. Thus, *Wilkinson* forecloses jurisdiction over factual issues underlying the false testimony bar's application, such as Martinez-Martinez's intent.

With this in mind, our jurisdictional limitations are clear. The thrust of Martinez-Martinez's argument is that the agency erroneously applied the false testimony bar to omissions or concealments. That is a mixed question of fact and law over which we have jurisdiction. *Wilkinson*, 601 U.S. at 222. To the extent Martinez-Martinez invites us to reconsider the Board's finding that he acted with the requisite intent, Congress has stripped us of jurisdiction over that inquiry. *See id.*; *Penaranda Arevalo v. Bondi*, 130 F.4th 325, 339 (2d Cir. 2025) (declining to exercise jurisdiction over the issue of intent under

7

§ 1101(f)(6) because "[w]hether and why a petitioner testified falsely are questions of fact").

This Court therefore has jurisdiction over Martinez-Martinez's arguments concerning the Board's application of the false testimony bar legal standard to his testimony.

B.

Turning to the standard of review, we recently recognized that "*Wilkinson* requires us to reconsider the standard of review we apply in cases that are reviewable pursuant to § 1252(a)(2)(D)." *Cortes v. Garland*, 105 F.4th 124, 133 (4th Cir. 2024). Prior to *Wilkinson*, this Court "appl[ied] de novo review to mixed questions of law and fact" under § 1252(a)(2)(D). *Id.* In *Wilkinson*, however, the Supreme Court explained that a mixed question of fact and law, which "requires a court to immerse itself in facts[,] . . . suggests a more deferential standard of review." 601 U.S. at 222. "So, *Wilkinson* indicates that we should consider the nature of the questions presented before determining how much deference an opinion from the Board warrants." *Cortes*, 105 F.4th at 133. In the wake of *Wilkinson*, this Court and many of our sister circuits have yet to evaluate "whether a mixed question is primarily factual or primarily legal and [] select a correspondingly deferential standard of review." *Id.*; *see Samayoa v. Bondi*, 146 F.4th 128, 136 n.4 (1st Cir. 2025) (collecting cases). We find it unnecessary to do so in this appeal "because the results of our analysis do not differ regardless of whether we apply de novo or abuse-of-discretion review." *Cortes*, 105 F.4th at 134.

C.

8

Finally, we possess jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a). When the Board "adopts and affirm[ed] the IJ's decision and supplements it with its own opinion, we review both decisions." *Portillo Flores v. Garland*, 3 F.4th 615, 625 (4th Cir. 2021). In contrast, "[w]here, as here, the [Board] did not adopt the IJ's opinion but instead offered its own reasons for denying relief, we review the [Board's] order rather than the IJ's decision." *Cabrera Vasquez v. Barr*, 919 F.3d 218, 223 (4th Cir. 2019).

## III.

Turning to the merits, Martinez-Martinez argues that the Board: (1) improperly reviewed the IJ's legal determination that his omission of aliases constituted testimony under § 1101(f)(6) for clear error, and (2) committed legal error by applying the false testimony bar based on an omission, rather than an oral statement. We agree the Board applied an incorrect standard of review and will therefore grant the petition for review and remand to the Board to apply the correct standard. Consequently, we need not reach Martinez-Martinez's argument about the application of the false testimony bar.

The Board reviews factual findings for clear error, while it reviews questions of law, discretion, and all other issues in appeals from IJ decisions de novo, "including, in cases involving mixed questions of law and fact, the application of the governing legal standard to the facts found by the immigration judge." *Duncan v. Barr*, 919 F.3d 209, 214 (4th Cir. 2019) (citation omitted); *see Martinez v. Holder*, 740 F.3d 902, 908 n.1 (4th Cir. 2014); 8 C.F.R. § 1003.1(d)(3).

9

Here, the Board "discern[ed] no *clear error* in the [IJ's] determination that [Martinez-Martinez] provided false testimony within the meaning of . . . § 1101(f)(6), because he had a subjective intent to deceive in order to obtain immigration benefits as evidenced by his failure to fully and voluntarily disclose his use of aliases until DHS confronted him with evidence." J.A. 4 (emphasis added). As discussed above, while intent is a factual finding properly reviewed for clear error, the application of the false testimony bar is a legal determination necessitating de novo review. Thus, the Board improperly reviewed the legal question of whether Martinez-Martinez's testimony as to aliases constituted "testimony" under the false testimony bar for clear error. This error alone is sufficient to grant the petition for review and remand to the Board for application of the proper standard. *See Funez-Ortiz v. McHenry*, 127 F.4th 498, 505 (4th Cir. 2025) ("[T]he BIA commits legal error if it uses the wrong standard in reviewing the IJ's decision.").

In sum, we grant the petition for review and remand to the Board for application of the correct standard of review to the analysis of the § 1101(f)(6) false testimony bar.

## IV.

For the reasons discussed, this Court grants Martinez-Martinez's petition for review, vacates the Board's decision regarding the application of the false testimony bar, and remands the matter to the Board for further proceedings consistent with this opinion.

*PETITION GRANTED; VACATED AND REMANDED*